UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CANDI PERRY,                                      )
       Plaintiff,                                 )
                                                  )
  vs.                                         )    1:11-cv-172-RLY-TAB
                                                  )
CITY OF INDIANAPOLIS; GREGORY A.                  )
BALLARD, MAYOR; FRANK STRAUB,                     )
DIRECTOR OF PUBLIC SAFETY; and                    )
PAUL CIESIELSKI, CHIEF OF POLICE,                 )
       Defendants.                                )

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Candi Perry ("Plaintiff"), is a police officer for the Indianapolis Metropolitan Police Department ("IMPD"). Plaintiff alleges the City of Indianapolis (the "City") and the individual defendants, Gregory A. Ballard, Mayor of Indianapolis ("Mayor Ballard"); Frank Straub, Director of Public Safety ("Director Straub"); and Paul Ciesielski, Chief of Police ("Chief Ciesielski"),[1] violated her constitutional and state law rights when she was investigated and subsequently indicted by a grand jury for acts of official misconduct and filing a false crime report. Defendants now move to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **GRANTED**.

---

[1] Mayor Ballard, Director Straub, and Chief Ciesielski will be referenced collectively as the "Individual Defendants"; the Individual Defendants and the IMPD will be referenced collectively as "Defendants."

1

**I.     Background**

Plaintiff worked as a Spanish liaison for the IMPD. (Amended Complaint ¶ 9). On June 26, 2009, IMPD detectives asked Plaintiff to investigate a murder that occurred in the City's Northwest District the day before. (*Id*. ¶¶ 9-10). Per the Plaintiff's investigation, IMPD located, identified, and arrested a suspect for the murder. (*Id*. ¶ 12). On June 27, 2009, Plaintiff alleges she was subjected to a 10-hour interrogation, without warning, in a locked interrogation room at the IMPD homicide office, where she was harassed and threatened with an indictment. (*Id*. ¶ 13). The Amended Complaint does not identify who interrogated her or explain what information led to the interrogation.

On October 23, 2009, Plaintiff was indicted for Official Misconduct and Filing a False Crime Report. (*Id*. ¶ 14). Four days later, Plaintiff was served with a Notice of Discharge Recommendation and Order of Suspension without pay. (*Id*. ¶ 16). Plaintiff then surrendered herself to the Marion County Arrestee Processing Center and was incarcerated for approximately eleven (11) hours. (*Id*. ¶ 17).

On October 28, 2009, Defendants informed the media that Plaintiff gave false information to IMPD officers and impeded a criminal investigation. (*Id*. ¶ 18). Plaintiff alleges that the Defendants knew the information was false, and knew, at the time the statements were made, that there was no probable cause for arresting and prosecuting Plaintiff. (*Id*. ¶ 19).

On November 25, 2009, the Marion County Prosecutor dismissed all criminal charges against Plaintiff, and Plaintiff was ultimately reinstated to her former position

with the IMPD.  (*Id*. ¶¶ 21, 24).

## II. Dismissal Standard

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief may be granted."  *See* FED. R. CIV. P. 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit.  *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000) (citation omitted).  In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded, nonconclusory, factual allegations in the complaint are accepted as true.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).  A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully."  *Iqbal*, 129 S.Ct. at 1949.

## III. Discussion

Plaintiff's Amended Complaint raises a number of claims against the Defendants, apparently in both their individual and official capacity.  In Count I, she brings a claim under 42 U.S.C. § 1983 ("Section 1983") for violations of her substantive and procedural due process rights under the Fourteenth Amendment, and a violation of her right to equal

protection under the Fourteenth Amendment, alleging that the Defendants "lev[ied] false charges against her on the basis of her gender." In Count II, she brings a Section 1983 claim under 42 U.S.C. § 1981 ("Section 1981"), alleging that the Defendants' interfered with her right to make and enforce her employment with the City. In Count III, she brings a second Section 1983 claim under the equal protection clause of the Fourteenth Amendment, alleging that similarly situated males "are not arrested and prosecuted sans probable cause." Lastly, in Counts IV-VIII, Plaintiff brings state law tort claims for negligence and/or gross negligence, false imprisonment, false arrest, defamation, infliction of mental and emotional distress, and malicious prosecution. The court will begin its discussion with Plaintiff's Section 1983 claims.

### A.  Plaintiff's Section 1983 Claims

#### 1.  Individual Capacity Claims

"[Section] 1983 does not allow actions against individuals merely for their supervisory role of others"; accordingly, "[i]ndividual liability for Section 1983 constitutional violations can only be based on a finding that the defendant[s] caused the deprivation at issue." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotation marks and citations omitted). This, in turn, requires a showing that the defendants were personally involved in the constitutional violation. *Id*. at 593-94.

In Plaintiff's Amended Complaint, Plaintiff fails to allege that any of the Individual Defendants were personally involved in the alleged constitutional violations comprising Counts I-III. For example, she does not allege that the Individual Defendants

were personally involved with her interrogation, indictment, arrest, suspension, or even the alleged defamation. In fact, her allegations are conspicuously absent any indication of specifically who did or said what and why. Moreover, two of the named defendants, Director Straub and Chief Ciesielski, were not even involved in management of the IMPD at the time of the events alleged in the Complaint. *See* http://www.indy.gov/eGov/Mayor/ pressroom/2009/Documents/Public%20Safety%20 Director.pdf (announcing appointment of Director Straub); http://www.indy.gov/eGov/Mayor/pressroom/2010/Documents/ PR%20-%202%2025%2010%20ciesielski% 20release.pdf (announcing appointment of Chief Ciesielski). Accordingly, Plaintiff's Section 1983 claims against the Individual Defendants in their individual capacity are dismissed.

### 2. Official Capacity Claims

Claims against government officials in their official capacity are treated the same as claims against the governmental unit for which they work. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citing *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006)). Thus, any official capacity claims against the Individual Defendants – all City employees – are coextensive with the claims against the City. *Id.* Accordingly, Plaintiff's official capacity claims against the Individual Defendants are dismissed as duplicative.

### 3. *Monell* Claims

A local governmental unit like the City is subject to suit under Section 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). The City may not be liable

for the acts of its employees, however, unless action pursuant to official municipal custom, policy, or practice caused a constitutional tort. *Id.* at 691; *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

Plaintiff's *Monell* claims against the City are based upon: (1) her interrogation; (2) her indictment and arrest; and (3) her suspension from employment and the commencement of discharge proceedings. Plaintiff's claims, however, fail to even suggest that these events occurred as a result of the City's custom, policy, or practice. On this ground alone, Plaintiff's *Monell* claims against the City fail to state a claim that is plausible on its face.

### B.  Plaintiff's State Law Claims

Although the court dismissed Plaintiff's federal claims, the court will address Plaintiff's supplemental state law claims since they arise out of the same set of facts as her federal claims. 28 U.S.C. § 1367(a). The court will begin with Plaintiff's state law claims against the City.

#### 1.  Claims Against the City

The Indiana Tort Claim Act protects a governmental entity if a loss results from the "adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8). Here, Plaintiff asserts state tort theories of negligence, false arrest, false imprisonment, defamation, infliction of mental and emotional distress, and malicious prosecution. Because these allegations are based on law enforcement action,

6

the City is entitled to immunity on all of Plaintiff's tort claims except false arrest, false imprisonment, and defamation, as Plaintiff's defamation claim could be construed not to involve law enforcement action.

Turning now to Plaintiff's remaining claims for false arrest and false imprisonment, Plaintiff alleges that the "indictment was secured by selectively presenting evidence that placed Plaintiff in a false light;" the prosecutor "dismissed all criminal charges against [her] due to presentation of incomplete information;" and "no probable cause existed to arrest or prosecute [her]." (Amended Complaint ¶¶ 15, 18-19, 21-22, 27). Plaintiff fails to support these conclusory allegations with any factual support. For example, she does not explain what information led to her arrest and imprisonment, nor explain what evidence the prosecutor presented to the grand jury that "placed [her] in a false light." (*Id*. ¶ 15). Indeed, Plaintiff's allegations do not reflect that she ever challenged the grand jury proceedings under Rule 6(e) of the Federal Rules of Criminal Procedure. Thus, the grand jury's decision to indict unequivocally reflects that there was probable cause to arrest and prosecute her. Her conclusory allegation that she was arrested and prosecuted without probable cause is simply not plausible.

Plaintiff's final state law claim is that the Defendants committed defamation *per se*[2] by "publish[ing] false comments and statements to City media outlets that [Plaintiff]

---

[2] Under Indiana law, a communication is defamatory *per se* if it imputes, among other things, criminal conduct. *Northern Indiana Pub. Serv. Co. v. Dabagia*, 721 N.E.2d 294, 305 (Ind. Ct. App. 1999).

. . . gave false information to IMPD officers, and impeded a criminal investigation, when she was guilty of none of these." (*Id.* ¶ 18). The basis of Plaintiff's claim is that, when the statements were made, the Defendants "knew there was no probable cause for arresting and prosecuting [her]." (*Id.* ¶ 19). As noted above, the grand jury's indictment forecloses her argument that there was no probable cause to arrest and prosecute her. Thus, Defendants' statements to the media regarding the charges brought against her were not false when made. As truth is an absolute defense, *Associates Corp. v. Smithley*, 621 N.E.2d 1116, 1119 (Ind. Ct. App. 1993), Plaintiff's claim for defamation is not plausible on its face.

### 2. Claims Against the Individual Defendants

One may not maintain an action against a governmental employee personally if that employee was acting within the scope of his employment. IND. CODE § 34-13-3-5(a); *see also Miner v. Southwest Sch. Corp.*, 755 N.E.2d 1110, 1115 (Ind. Ct. App. 2001). Rather, to bring a claim against an employee personally, the plaintiff "must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." IND. CODE § 34-13-3-5(c). In addition, "[t]he complaint must contain a reasonable factual basis supporting the allegations." *Id.*

Plaintiff's Amended Complaint does not allege that any of the Individual Defendants acted outside the scope of employment. In addition, there is no allegation that any of the Individual Defendants acted criminally, maliciously, willfully or wantonly, or

in a manner calculated to benefit himself personally. *See* Ind. Code § 34-13-3-5(c). Accordingly, because all claims relate to acts that occurred within the scope of the Individual Defendants' employment, all state law tort claims against the Individual Defendants must be dismissed.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket # 27) is **GRANTED** without prejudice. Plaintiff is granted leave to file a Second Amended Complaint. If she chooses to do so, the Second Amended Complaint must be filed within thirty (30) days of the date of this Entry, or this cause will be dismissed with prejudice.

**SO ORDERED** this __6th__ day of March 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Gregory P. Gadson
LEE COSSELL KUEHN & LOVE LLP
ggadson@nleelaw.com

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Robert B. Turner
LEE COSSELL KUEHN & LOVE LLP
rbtatty@aol.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org